IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL C. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-3275 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

**SUE E. MYERSCOUGH, United States District Judge:**

This is an action under 42 U.S.C. § 405(g) for judicial review of Defendant's Decision denying the Plaintiff Michael C. Jones's applications for Disability Insurance Benefits under Title II of the Social Security Act.  Before the Court are the Plaintiff's Motion for Summary Reversal [d/e 12] and the Defendant's Motion for Summary Affirmance [d/e 19].

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted for Andrew Saul as the Defendant.

1

## BACKGROUND

On November 6, 2015, Plaintiff Michael C. Jones filed an application for Disability Insurance Benefits under Title II of the Social Security Act. Tr. 465-66. On September 9, 2016, the Defendant issued a Notice of Disapproved Claim. Tr. 365-66. The Plaintiff's Request for Reconsideration was denied on October 20, 2016. Tr. 379. The Plaintiff requested a Hearing which was held before the Administrative Law Judge (ALJ). On August 24, 2018, the ALJ issued a Decision finding that although he had severe impairments, the Plaintiff could perform a range of light exertional work and was able to perform a significant number of jobs in the national economy through December 31, 2017, the date he was last insured. Tr. 302-318. The Plaintiff filed a Request for Review of Hearing Decision, which the Appeals Council denied on October 10, 2019. Tr. 1-7. Because the ALJ's Decision is the final decision of the Defendant Commissioner of Social Security, the Plaintiff has exhausted his administrative remedies.

The ALJ found that Plaintiff had severe impairments which included degenerative disc disease, chronic obstructive pulmonary disease (COPD), hypertension, and diabetes mellitus, see 20 C.F.R. §

404.1520(c) (defining "severe" impairment).  Tr. 307.  In assessing the Plaintiff's residual functional capacity (RFC), the ALJ found that through December 31, 2017, Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b), except he could never climb ladders, ropes, or scaffolds no more than occasionally; could climb ramps and/or stairs, balance, stoop, kneel, crouch, and/or crawl no more than occasionally; and must avoid concentrated exposure to vibration, loud or very loud environments, temperature extremes, humidity, fumes, odors, dusts, gases, and poor ventilation.  Tr. 309.

The ALJ found that, based on the Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed through December 31, 2017, when Plaintiff was last insured for disability insurance benefits.  Tr. 317.

## DISCUSSION

<u>Legal standard</u>

In order to be entitled to disability insurance benefits, the Plaintiff was required to show he became disabled on or before December 31, 2017, the date on which he was last insured for disability insurance benefits.  <u>See</u> 42 U.S.C. § 423(a)(1)(A), (c)(1); 20

C.F.R. § 404.131. The Plaintiff has the burden of proving he is disabled. See Prill v. Kijakazi, 23 F.4th 738, 746 (7th Cir. 2022) (citing 20 C.F.R. § 404.1512(a)).

When, as here, the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. *See Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). The Act specifies that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Yurt v. Colvin*, 758 F.3d 850, 856 (7th Cir. 2014) (citations omitted). Although the task of a court is not to re-weigh evidence or substitute its judgment for that of the ALJ, the ALJ's decision "must provide enough discussion for [the Court] to afford [the Plaintiff] meaningful judicial review and assess the validity of the agency's ultimate conclusion." *Id.* at 856-57. The ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted). A court does not

4

"resolve conflicts or decide questions of credibility." L.D.R. v. Berryhill, 920 F.3d 1146, 1151 (7th Cir. 2019).

Substantial evidence and the Plaintiff's RFC

The Plaintiff claims that the ALJ erred in assessing his residual functional capacity and evaluating his subjective symptoms. Moreover, Plaintiff argues evidence submitted to the Appeals Council after the ALJ's Decision warrants a sentence six remand. Based on the ALJ's discussion of the record evidence and numerous citations to the medical records, the Defendant alleges the ALJ's Decision that Plaintiff was not disabled as of December 31, 2017, is supported by substantial evidence.

The ALJ recognized that the state agency assessments of Drs. Hinchen and Kim that Plaintiff could perform a range of light exertional work were reasonably consistent with the available evidence but also included additional non-exertional limitations due to the nature of his impairments. Tr. 316. The Plaintiff claims that the ALJ relied on an outdated assessment even though new diagnoses reasonably could have changed the reviewing physician's opinion. Doc. 13, at 3. Specifically, the state agency physician opinions were formulated on September 8, 2016, and October 18,

2016, more than one year prior to the Plaintiff's date last insured and almost two years before the ALJ's Decision. Id. Those physicians did not see an MRI in December 2017, a CT on October 31, 2018, and an MRI on November 15, 2018, which the Plaintiff claims showed significant changes from the August 2015 MRI. Id. The Plaintiff further alleges he complained of worsening pain and was prescribed Hydrocodone and Oxycodone when other medication was ineffective. Id. Moreover, adjustments were made to the Plaintiff's COPD medications, and updated pulmonary function testing was performed on December 5, 2017, and August 15, 2018. Id.

The Plaintiff further states there were significant differences between the August 2015 lumbar MRI and the December 2017 MRI, which include a newly identified mass effect on the thecal sac, right lateral recess and mass effect on the L5 and S1 nerve roots at L4-5 and L5-S1. Id.

In considering the issue, the ALJ discussed and considered the Plaintiff's testimony. Tr. 310. The ALJ further discussed the Plaintiff's treatment for back problems and COPD with several physicians and medical providers between 2015 and 2017. Tr. 310-316. The ALJ observed that the record did not show that Plaintiff

had the significantly limited range of motion, muscle spasms, muscle atrophy, motor weakness, sensation loss, difficulty ambulating, or reflex abnormalities which are associated with intense and disabling pain. Tr. 314. The ALJ thus found that the medical records did not support Plaintiff's claims of extremely limited functional capacity. Id. Based on the foregoing, the ALJ found those findings are consistent with the ability to perform a very broad range of light work. Id. While acknowledging that Plaintiff had been noted to have decreased range of motion of the back and tenderness to the lumbar spine, the ALJ found that did not support Plaintiff's allegation that he is disabled from all work activity, given Plaintiff's functional abilities. Id. Moreover, the ALJ considered and incorporated the slight limitations into the Plaintiff's RFC, which limited Plaintiff to light work with only slight postural limitations. Id.

The ALJ further noted that Plaintiff's COPD had not prevented him from performing a range of light work prior to December 31, 2017. Id. at 315. While Plaintiff had been noted to have diminished breath sounds and wheezing at times, objective testing had not shown significant abnormalities. Id. The ALJ stated that, although Plaintiff's chest x-rays showed infiltrates on occasion, the x-rays

revealed no chronic abnormalities.  Id.  The ALJ noted that, while the Plaintiff's initial pulmonary function testing showed moderate COPD, follow-up testing in December 2017 showed improvement, with only mild COPD and significant improvement after bronchodilator therapy.  Id.  Moreover, there is no medical evidence of frequent emergency room visits or hospital treatment for respiratory problems.  Id.  The ALJ noted two emergency room visits and a hospitalization for pneumonia in early 2018, though this was after the date Plaintiff was last insured.  Id.  The ALJ also considered the Plaintiff's alleged ongoing shortness of breath to his pulmonologist but states the doctor notes that his oxygen saturation is always normal, in the 90s, and he appears comfortable without respiratory distress.  Id.

Additionally, the ALJ noted that no treating or evaluating sources have described more restrictive limitations for the Plaintiff.  Id. at 316.  The Plaintiff's family doctor encouraged him to be as active as possible.  Id.  The ALJ reasonably determined that the assessments of the state agency physicians, Drs. Hinchen and Kim, that Plaintiff could perform a light range of exertional work were consistent with the record evidence, though he included additional

8

non-exertional limitations based on the nature of Plaintiff's limitations.  Id.

To the extent that Plaintiff contends the ALJ erred in evaluating his RFC because the physicians' assessments were outdated and a significant amount of evidence was submitted after their reviews of the record, the ALJ must make findings of fact evaluating all of the record evidence, medical and nonmedical.  See 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.1512.  The ALJ assessed a claimant's RFC based on "all of the relevant medical and other evidence."  20 C.F.R §§ 404.1545, 404.1546.  The Plaintiff cites no support for the assertion that an ALJ must obtain additional medical opinion evidence when evidence is submitted after the state agency review and the record lacks any other physician opinion.  Moreover, the Plaintiff bears the burden of proving the extent of his disability and that he was disabled prior to his date last insured.  See 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1520(a)(4)(i)-(iv).   Here, the ALJ reasonably evaluated the record medical evidence and found that Plaintiff could perform a range of light exertional work.

While an ALJ is not required to address every piece of evidence, he or she cannot ignore a line of evidence supporting a finding of

9

disability. See Deborah M. v. Saul, 994 F.3d 785, 788 (7th Cir. 2021). The ALJ has built a logical bridge from the evidence to his conclusion. The Plaintiff's brief cites evidence that he believes supports his claim. However, that mostly constitutes an argument that he would have weighed the evidence differently. Moreover, some of the evidence cited by Plaintiff postdates his December 31, 2017, date last insured. Although the Plaintiff would have weighed the evidence differently, the ALJ's discussion and analysis is supported by substantial evidence.

In evaluating the Plaintiff's subjective symptoms and finding that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record, the ALJ followed the applicable regulation. See 20 C.F.R. § 416.929(a); SSR 16-3P, 2017 WL 5180304 at *3 (SSA 2017).

To the extent that Plaintiff alleges the ALJ discounted his subjective allegations due to the lack of objective medical findings, the ALJ is required to consider the record medical evidence which consists of objective findings. The Plaintiff also claims the ALJ improperly considered his noncompliance with treatment without

considering the reasons for noncompliance. Doc. 13 at 12-14. However, that is part of the entire medical record that the ALJ is required to consider. The Plaintiff's noncompliance was not the entire basis of the ALJ's Decision. The Court concludes that the ALJ's findings and inferences are reasonably drawn from the record and are supported by substantial evidence.

<u>Plaintiff's alleged new and material evidence</u>

The Plaintiff alleges new and material evidence was submitted to the Appeals Council which necessitates remand under sentence six of 42 U.S.C. § 405(g). Sentence six of § 405(g) provides in pertinent part that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." "For sentence six purposes . . . 'materiality' means there is a 'reasonable probability' that the Commissioner would have reached a different conclusion had the evidence been considered, and 'new' means evidence 'not in existence or available to the claimant at the time of the administrative proceeding.'" <u>Perkins v. Chater</u>, 107 F.3d 1290, 1296 (7th Cir. 1997).

The Plaintiff seeks remand based on evidence submitted after the ALJ's Decision.

The Defendant claims the Plaintiff has filed nearly 300 pages of medical records without attempting to organize or categorize the evidence.

The Plaintiff notes that the ALJ's Decision relied, in part, on the fact that no treating source offered limitations and that on March 19, 2017, Dr. Jennifer Schroeder advised Plaintiff to keep active and suggested non-steroid anti-inflammatory drugs for his back. Tr. 313, 960. The Plaintiff alleges a CT scan and MRI from October and November of 2018 are also new and material. Such evidence indicates that Plaintiff's back condition is continuing to deteriorate and provides further objective clinical evidence for his claim of disabling pain. However, a CT and MRI showing that Plaintiff's back condition was worsening nearly one year later does not indicate that Plaintiff was disabled on December 31, 2017.

Dr. Schroeder issued a medical source statement on December 4, 2018. Tr. 299-300. Dr. Schroeder indicated the Plaintiff's limitations existed as early as March 1, 2015. Id. at 300. Clinical findings and objective signs included MRI and CT reports of disc

bulge and nerve root involvement. Id. at 299. Dr. Schroeder indicated pain would interfere with attention and concentration 15% to 20% of the workday. Id. She limited the Plaintiff to sitting less than 15 minutes at a time for a total of less than two hours in a workday; he can walk one block and stand for less than 15 minutes at a time for a total of less than two hours in a workday. Id. The Plaintiff would need to get up and walk around every 90 minutes. Id. He would need to shift positions at will and would need three or more unscheduled 30-minute breaks. Id. Dr. Schroeder opined that Plaintiff could frequently lift 10 pounds and would be absent from work three or more days per month. Id.

The Plaintiff claims that, because the December 2018 medical source statement did not exist at the time of the ALJ's Decision, the Plaintiff has good cause for not submitting it earlier. Moreover, the evidence is material because it relates to the time prior to December 31, 2017, given that Dr. Schroeder indicated the Plaintiff's limitations had existed since 2015. The Plaintiff contends it is also material because the ALJ's Decision, in part, is based on the absence of the opinion of any physician and the fact that Dr. Schroeder

13

recommended the Plaintiff be as active as possible. The Plaintiff alleges the evidence could change the outcome of the case.

Significantly, the Plaintiff's date last insured was December 31, 2017, and he must show that he was disabled as of that date. See 42 U.S.C. § 423(a)(1)(A), (c)(1); 20 C.F.R. § 404.131. Although Dr. Schroeder indicated by checkmarks on a form that Plaintiff had such functional limitations that he was unable to work full time since March 2015, Dr. Schroeder did not provide any objective findings in support of that opinion. Tr. 299-301. See 20 C.F.R. §§ 404.1527(c)(2), 404.1527(c)(3) ("*Supportability*. The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion"). While Dr. Schroeder did note MRI and CT reports of disc bulge and nerve root involvement as clinical findings and objective signs to support her opinion, she does not indicate when those diagnostic tests were performed. Tr. 299. It is uncertain whether Dr. Schroeder was referring to testing that was performed before Plaintiff's date last insured or after December 31, 2017. Accordingly, the Court is unable to conclude there is a

reasonable probability this medical source statement would have changed the ALJ's Decision. The statement thus is not material.

Additionally, the Plaintiff has not shown good cause for failing to submit this evidence to the ALJ. If diagnostic testing or Dr. Schroeder could have provided an opinion or assessment concerning his limitations, the Plaintiff has not shown why he could not have provided it earlier in the administrative process. The record contains hundreds of pages of medical records, including treatment records from a number of medical sources, including Dr. Schroeder. The Plaintiff has provided no reason why he did not request a more detailed assessment in order to supplement the record earlier in the proceedings.

Because the Plaintiff has neither shown that the additional evidence is new and material nor established good cause for failure to incorporate the additional evidence into the record at the prior hearing, the Court declines to remand the case pursuant to sentence six of 42 U.S.C. § 405(g).

For the reasons stated herein, Plaintiff Michael C. Jones's Motion for Summary Reversal [d/e 12] is DENIED.

Defendant Commissioner of Social Security's Motion for Summary Affirmance [d/e 19] is GRANTED.

Pursuant to Rule 25(d), the Clerk will substitute Kilolo Kijakazi, Acting Commissioner of Social Security, as the Defendant in this case.

The Clerk will enter Judgment and terminate this case.

ENTER: September 27, 2022

    FOR THE COURT:

                                /s/ *Sue E. Myerscough*
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT COURT